IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.
05 DEC -9 PM 4:26
THOMAS M. GOULD
CLERK, US DISTRICT COURT
W/D OF TN MEMPHIS

FLORENTINO JEROME WEBSTER,

    Plaintiff,

vs.

No. 05-2847-D/V

JO ANNE BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

---

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER DENYING APPOINTMENT OF COUNSEL
AND
ORDER TO EFFECT SERVICE OF PROCESS

---

Plaintiff Florentino Jerome Webster filed a pro se complaint pursuant to 42 U.S.C. § 405(g) on November 16, 2005, accompanied by an application to proceed in forma pauperis and a motion for appointment of counsel. Based on the information set forth in the plaintiff's affidavit, the motion to proceed in forma pauperis is GRANTED. The Clerk shall record the defendant as Jo Anne Barnhart, Commissioner of Social Security.

With respect to the motion seeking appointment of counsel, 28 U.S.C. § 1915(d) provides that the "court may request an attorney to represent any such person unable to employ counsel."[1] However, "[t]here is no constitutional or . . . statutory right to counsel

---

[1] However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _12/13/05_

in federal civil cases." Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the pro se litigant's prior efforts to retain counsel, and his ability to present the claims. Henry v. City of Detroit Manpower Dep't, 763 F.2d 757, 760 (6th Cir. 1985); Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985).

As a general rule, counsel should be appointed in civil cases only if a litigant has made "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).[2] At this stage of the proceedings, before the Court has had the opportunity to assess the strength of plaintiff's case, the Court is unable to conclude that plaintiff has satisfied that standard. Moreover, there is no reason to believe that an attorney cannot be located who would be willing to take the case. The motion for appointment of counsel is DENIED.

---

[2] The Second Circuit elaborated: "Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent." Id.

2

It is ORDERED that the Clerk shall issue process for the defendant and deliver said process to the marshal for service. Service shall be made on the defendant pursuant to Fed. R. Civ. P. 4(i)(2)(A).

It is further ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendant, or on the defendant if she has no attorney. The plaintiff shall make a certificate of service on every document filed. The plaintiff shall familiarize herself with the Federal Rules of Civil Procedure and this Court's local rules. The plaintiff must promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this  30   day of November, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02847 was distributed by fax, mail, or direct printing on December 13, 2005 to the parties listed.

---

Florentino Jerome Webster
1027 Leath Street
Memphis, TN 38107

Honorable Bernice Donald
US DISTRICT COURT